UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Robinson,

      Plaintiff,

v.                                   Case No. 14-12657

Commissioner of Social Security,      Sean F. Cox
                                        United States District Court Judge

      Defendant.

_____/

**ORDER**
**ACCEPTING AND ADOPTING**
**REPORT & RECOMMENDATION**

Plaintiff filed this action challenging the Commissioner's unfavorable decision

disallowing benefits.

The matter was referred to Magistrate Judge Michael Hluchaniuk for determination of all

non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation

pursuant to § 636(b)(1)(B) and (C).

Thereafter, the parties filed cross-motions for summary judgment.  In a Report and

Recommendation ("R&R") issued on August 6, 2015, Magistrate Judge Hluchaniuk

recommends that: 1) Plaintiff's Motion for Summary Judgment be DENIED; 2) the

Commissioner's Motion for Summary be GRANTED; and 3) the Commissioner's decision be

AFFIRMED.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a

matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after

being served with a copy of the R&R.  "The district judge to whom the case is assigned shall

make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id.*

Plaintiff filed timely objections to the R&R on August 20, 2015. (D.E. No. 17). Along with her Objections, Plaintiff filed an "Attachment to" her Objections (D.E. No. 17-1) that consists of decisions rendered in two other social security cases that were decided by the same Administrative Law Judge ("ALJ") that was involved in Plaintiff's case. Plaintiff's counsel apparently represented the unsuccessful plaintiffs in those two cases.

Defendant responded to Plaintiff's objections in its August 31, 2015 filing. (D.E. No. 18).

As explained below, the Court finds Plaintiff's Objections to the magistrate judge's R&R to be without merit.

Plaintiff notes that the magistrate judge considered and rejected her accusation that the Administrative Law Judge ("ALJ") who decided her case "cherry-picked the evidence." As her first objection, Plaintiff criticizes the magistrate judge for not having considered decisions rendered by this particular ALJ in other, unrelated cases. (*See* Pl.'s Objs. at 1) ("What escapes Magistrate Judge Hluchaniuk is the fact that ALJ Detherage's actions in this case are not aberrations but rather his modus operandi, repeated in case after case."). Plaintiff then directs the Court to decisions rendered in two other, unrelated social security cases that were decided by the same ALJ that decided Plaintiff's case.

The Court flatly rejects this objection. As the magistrate judge correctly noted in his R&R, the scope of this Court's review in this matter is limited to an examination of the record below. The magistrate judge did not err in failing to consider decisions rendered by this same ALJ in other, unrelated cases. The Court agrees with the Commissioner that the question is

2

whether substantial evidence supports the decision reached by the ALJ in *this case*, not two other unrelated cases. Decisions rendered in other case have no bearing on whether the decision in this case was supported by substantial evidence and it would have been error if the magistrate would have considered them.[1]

As her second objection, Plaintiff acknowledges that there is a "zone of choice" within which the ALJ's decision could go either way and that the reviewing court is bound by the discretion afforded to the ALJ. Plaintiff's Counsel then makes baseball references and asserts, in a conclusory fashion, that the ALJ's decision was not within the zone of choice. (Pl.'s Objs. at 2). Plaintiff does not, however, explain how or why Plaintiff believes that the ALJ's decision was not within the zone of choice.

As her third objection, Plaintiff appears to assert that the ALJ should have ignored the opinions of Dr. Sankaran and Dr. Blum because they are consulting physicians who depend financially, at least in part, upon performing reviews. The fact that these physicians are paid for their consultations is not, by itself, a reason to ignore their opinions.

As her fourth objection, Plaintiff appears to assert that the ALJ had to find that she has severe mental impairment based on a GAF score. Citing *Kennedy v. Astrue,* 247 F. A'ppx 761, 766 (6th Cir. 2007), Plaintiff notes that the Sixth Circuit has stated that a "GAF score may help an ALJ assess mental RFC." The Sixth Circuit did state that an ALJ *may* help an ALJ assess mental RFC. But that does not mean that an ALJ is *required* to give a GAF ruling weight in

---

[1] Moreover, it does not appear from the record that Plaintiff ever asked the magistrate judge to review or consider the two unrelated decisions that Plaintiff's Counsel references in the objections. Counsel appears to have referenced and attached those irrelevant decisions for the first time in connection with Plaintiff's objections to the R&R.

every case.

As her fifth objection, Plaintiff asserts that the magistrate judge erred in agreeing with the Commissioner that the ALJ's conclusions regarding plaintiff's claims of disabling limitations are supported by substantial evidence.  Plaintiff's Counsel criticizes the ALJ's conclusion, accepted by the magistrate judge, that Plaintiff's self-reported activities are inconsistent with her subjective complaints of disabling pain.  (*See* Pl.'s Objs. at 4) ("Are benefits to be limited to claimants' living on death's doorstep?  Claimants who are bed-ridden or home bound?").  The Court finds this objection without merit, because, as explained in the R&R, the ALJ is permitted by the regulations to consider Plaintiff's activities of daily living in assessing the credibility of her subjective complaints.

As her sixth objection, Plaintiff faults the magistrate judge for having characterized Plaintiff's less-than-full compliance with her medical treatment due to finances, while at the same time being able to fund nicotine and alcohol habits, as "a factor to be considered."  (Pl.'s Objs. at 5).  This Court reviewed this portion of the R&R's and concurs with the magistrate judge's analysis and conclusion as to this issue. (*See* R&R at 30-31).

As her seventh objection, Plaintiff criticizes the ALJ's reliance on the vocational expert's testimony and asserts that it failed to account for all of Plaintiff's limitations.  This Court concurs with the magistrate judge's analysis and his conclusion that the ALJ's RFC assessment and the related hypothetical posed to the VE accurately portray her mental and physical impairments.  (*See* R&R at 32).

As her eighth objection, Plaintiff appears to claim that the ALJ was biased or acting in bad faith in this and unrelated other cases, and that the magistrate judge erred in failing to

4

address that.  (Pl.'s Objs. at 7) ("there is the appearance of bad faith on the part of the ALJ . . . That is what is at stake here and in these other cited cases, and what, Magistrate Judge Hluchaniuk's analysis fails to address.").

"We presume that judicial and quasijudicial officers, including ALJs, carry out their duties fairly and impartially." *Bailey v. Commissioner of Social Sec.*, 413 F. App'x 853, 856 (6th Cir. 2011) (citing *Rosen v. Goetz*, 410 F.3d 919, 930–31 (6th Cir. 2005)).  Plaintiff has the burden of persuading the Court otherwise, "which she can do only with convincing evidence that a risk of actual bias or prejudgment is present.'" *Bailey, supra*, at 856 (quoting *Navistar Intern. Transp. Corp. v. U.S. E.P.A.*, 941 F.2d 1339, 1360 (6th Cir. 1991).  "In other words, any alleged prejudice on the part of the decisionmaker must be evident from the record and cannot be based on speculation." *Navistar,* 941 F.2d at 1360.  Here, Plaintiff has not identified any evidence that suggests that the ALJ was biased against her.  The fact that this ALJ ruled unfavorably as to Plaintiff in this case, and against Counsel's clients in two unrelated cases, does not establish bias or bad faith.  The Court therefore finds Plaintiff's eighth and final objection without merit.

Accordingly, the Court hereby ADOPTS the August 6, 2015 Report and Recommendation.  IT IS ORDERED that: 1) Plaintiff's Motion for Summary Judgment is DENIED; 2) the Commissioner's Motion for Summary is GRANTED; and 3) the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 11, 2015

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Robinson,

     Plaintiff,

v.                                                    Case No. 14-12657

Commissioner of Social Security,         Sean F. Cox
                                                      United States District Court Judge

     Defendant.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on September 11, 2015, by electronic and/or ordinary mail.

                  S/Jennifer McCoy_____
                  Case Manager